## THE NEW CASTLE MANUFACTURING COMPANY *v.* THE RED RIVER RAIL ROAD COMPANY.

Where a vendor, between whom and the defendant no privity exists, sells to the agents of the latter goods known to be for the use of their principal, but looks to such agents exclusively for payment, and after the failure of the latter to pay suffers more than fifteen months to elapse before applying to the principal, during which time he had settled with his agents, the principal will not be liable to such vendor.

Agents or factors of merchants residing in a foreign country are personally liable upon all contracts made by them for their employers, whether they describe themselves as agents, or not; in the contract. In such cases it is presumed that the credit is given exclusively to them, to the exoneration of their employers; but this presumption may be rebutted by proof that the credit was given to both, or to the principal only.

APPEAL from the District Court for the parish of Rapides, *Wilson,* J. The facts of this case are stated substantially in the opinion of the court. In regard to the question, to whom the credit was given by the plaintiffs, Young, the superintendent of the New Castle Manufacturing Company, deposed, that the credit for the articles furnished by the plaintiffs, and for the price of which this action is instituted, was not given to the Messrs. Phillips, but to the defendants, the articles having been charged to the defendants by him, on the books of the plaintiffs, at the time of their shipment; and that the plaintiffs regarded the action of R. & J. Phillips as that of mere agents. The statement of this witness was corroborated by that of Reid, the assistant superintendent. Two members of the firm of R. & J. Phillips being examined stated, that they did not know whether the plaintiffs gave the credit to the defendants or not; and that they sent to the plaintiffs a copy of the original order of the defendants, which had been transmitted to them by Lizardi & Co., of New Orleans. One of the members of this last house, testified, that in their correspondence with R. & J. Phillips, no allusion had ever been made by either party to the plaintiffs; that he did not even know of the existence of such a company; and that his house had been under the impression that the articles ordered by them from R. & J. Phillips for the defendants, had been paid for by the Messrs. Phillips in cash, the latter having written to them

to that effect, and having drawn on them for the amount, which had been paid at sight. Another partner of the house of Lizardi & Co., confirmed the statements of the last witness, and deposed that he did not believe that the plaintiffs would have given the defendants credit for a hundred dollars. He further declared that R. & J. Phillips looked to the house of Lizardi & Co. for payment; that the former were never authorized by the firm of Lizardi & Co. to correspond with the defendants; and that he does not believe that any correspondence ever took place between them.

*Dunbar* and *Hyams*, for the plaintiffs and appellants.

1. The defendants contracted with the plaintiffs through the medium of an agent. The mandate to Lizardi & Co. was not strictly a personal one—it necessarily included the employment of others as direct or sub-agents of the defendants. Lizardi & Co. acted within their powers in employing such agents. Civ. Code, 2960, 2975. Merlin, Repert. Mandat, No. 235. In all mandates not of a strictly personal character, the power to substitute is implied, unless expressly denied. Civ. Code, 2976, 2977. Discussions of the Council on art. 1994 of the Code Napoleon (corresponding with art. 2977 of the Civ. Code of La.), in note to Pothier, Mandat, p. 217, Nos. 82, 449. 18 Duranton, 250, 261, 262. *Dubreuil's heirs* v. *Rouzan*, 1 Martin, N. S., 158. Civ. Code, 2981, 2982. Pothier, 449. *Krumbhaar* v. *Ludeling*, 3 Martin, 640. *Williams* v. *Winchester*, 7 Ib. N. S., 24. *Waring* v. *Cox*, 1 La., 200. *Hopkins* v. *La Couture*, 4 La., 64. *Hyde* v. *Wolf*, 4 Ib., 234. *Woolfe* v. *Jewitt*, 10 La., 390. *Lincoln* v. *Smith*, 11 La., 11. *Zacharie* v. *Nash*, 13 La., 21.

2. The agent of the defendants was authorized to deal on credit. Having a general power to act, the instructions of the principal are not binding on third persons. 1 Pothier Oblig., No. 79. Ib., Mandat, No. 89. *Brown* v. *Frantum*, 6 La., 47.

3. The articles have been received by defendants, and they have not paid the plaintiffs for them; nor is it proved that they had paid Lizardi & Co., before the institution of this suit.

*Ogden* and *Brent*, for the appellees.

1. Lizardi & Co. had no power to delegate their authority as agents of the defendants to R. & J. Phillips. *Delegatus non potest delegare.* Comyn on Contracts, 538, 544. 1 Bouv. Law

Dict., 108. 1 Harrison's Index, 25. Story on Agency, 13. Civ. Code, 2976, 2977.

2. The articles sued for were purchased by R. & J. Phillips on their own credit; the defendants are not responsible for their not being paid for. Plaintiffs having elected to give credit to R. & J. Phillips, cannot hold the defendants responsible. Comyn on Contracts, 553. 15 East., 62. Story on Agency, secs. 268, 287, 290, *and note* 2, p. 423. 1 Harrison's Index, 34, 42.

MORPHY, J. The defendants are sued for the value of a certain number of sets of wheels, axles, boxes, and other machinery, which the plaintiffs allege they sold and delivered to them at their special instance and request, some time in December, 1836. The answer denies the facts set forth in the plaintiff's petition, and avers that the defendants are perfect strangers to the New Castle Manufacturing Company, and have never had any dealings with them; that they never contracted with them, nor authorized any one to contract with them in their name and on their account; and that the said company has no claim against them in law or equity. There was a verdict below in favor of the defendants. After vainly endeavoring to set it aside, the plaintiffs appealed.

The record shows that some time in July or August, 1836, the house of M. de Lizardi & Co., received instructions from the defendants to procure for their use the articles mentioned in the plaintiffs' petition; that in order to obtain them, they employed the house of R. & J. Phillips, of Philadelphia, who applied to the plaintiffs to execute the order, informing them that the articles were wanted by and were for the use of the Red River Rail Road Company. The articles, when ready, were forwarded to R. & J. Phillips, who consigned them to the house of M. de Lizardi & Co. In two letters addressed to R. & J. Phillips by the plaintiffs, they enclosed the bills for the wheels and other articles they had furnished, and advised them that the amount had been placed to their debit. No correspondence whatever passed between the plaintiffs and defendants, nor between the former and the Lizardis, who never knew until after the institution of this suit, by whom the order had been executed. They declare that they sent the order to be executed on their own credit, and that shortly after receiving the goods they forwarded the amount to the Messrs. Phillips, in bills on England,

which have since been paid by the defendants. It further appears that on the 9th of December, 1836, the plaintiffs in a letter enclosing a general bill for the iron work furnished for the Red River Rail Road Company, advised R. & J. Phillips that they would be drawn on in a few days at short date therefor, and that the said R. & J. Phillips, in reply, requested that no draft should be drawn on them but at four months, as they could not receive the funds for a month, when the remittance to them would be in sixty days sight bills; and that they would accept such a draft, and see that the money was obtained. This proposition was acceded to by the plaintiffs, who received the acceptance of the Phillips for the amount. The draft was ·not paid at maturity, nor has it been paid since; but the evidence shows that when the Phillips accepted plaintiffs' draft, they were enjoying unbounded credit in the United States and in Europe, and that they maintained their credit until March, 1837.

It appears to us that the defendants cannot be made liable to the plaintiffs, between whom and them there is no privity of contract. It is clear that although the plaintiffs knew that the articles were for the use of the defendants, they looked to R. & J. Phillips for payment, and trusted to them exclusively,; advising them that they had been debited for the amount of the articles delivered, they negotiated with them to obtain their acceptance; and even when this acceptance was protested, they do not appear to have looked to the defendants as in any way liable to them. They give them no notice that they were unpaid for the goods forwarded, and only brought the present suit fifteen months afterwards, when they had lost all hopes of being paid by R. & J. Phillips, and when the defendants had settled with M. de Lizardi & Co., the only agents whom they acknowledge. The Lizardis acted towards the Phillips as principals, not as the agents of the defendants, and one of the Phillips has declared that R. & J. Phillips considered themselves as the agents of the house of Lizardi of New Orleans, and not of defendants, with whom they never communicated. Even if under the circumstances of this case, there ever existed any liability on the part of the defendants towards the New Castle Manufacturing Company, it appears to us that the course pursued by the latter has

entirely discharged them. 7 Martin, N. S., 24.*   Upon the ground
of general convenience and the usage of trade, says Story in his
treatise on Agency, the rule has obtained that agents or factors,
acting for merchants resident in a foreign country, are held person-
ally liable upon all contracts made by them for their employers ;
and this without any distinction whether they describe themselves
as agents or not in the contract.   In such cases it is presumed that
the credit is given to the agents or factors ; and the ordinary pre-
sumption is not only that credit is given to the agents, but that it is
exclusively given to them, to the exoneration of their employers.
*Still, however,* this presumption is liable to be rebutted, either by
proof that credit was given to both principal and agent, or to the
principal only.   Story on Agency, sec. 269.   In this case the
whole evidence shows that credit was exclusively given to the
agents, admitting that R. & J. Phillips can possibly be viewed as
the agents of the defendants.

*Judgment affirmed.*

* In this case (*Williams et al.* v. *Winchester.*) it was decided that ' when goods are
sold to an agent for an unknown principal, the latter will be liable when dis-
covered, although no enquiry was made of the vendor, unless the latter let the day
of payment go by, without making a demand on the principal, who afterwards pays
the agent.'   Citing 1 Campbell, N. P., 85.   4 Taunton, 576. *n.*   15 East. 65.   2 Li-
vermore, 199, 200.